**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 07-51040 |
| ) | |
| PETITION OF THE OFFICIAL ) | |
| RECEIVER AND TRUSTEE OF THE ) | |
| PROPERTY OF JONATHAN LOY, ) | Chapter 15 |
| ) | (Voluntary) |
| ) | |
| A Bankrupt in a Foreign Proceeding. ) | |
| _____) | |

**PETITION FOR RECOGNITION OF FOREIGN MAIN
PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517 OF
THE BANKRUPTCY CODE AND RELIEF IN AID THEREOF
AND MEMORANDUM OF LAW AND BRIEF IN SUPPORT**

Jeremiah Anthony O'Sullivan ("O'Sullivan" or the "Trustee"), the official receiver and trustee of the property of Jonathan A. Loy, the above captioned debtor (the "Debtor"), an individual that is the subject of a foreign bankruptcy commenced in the Exeter County Court in Devon, England ("English Court") (the "English Administration"), by and through its undersigned United States counsel, respectfully files this Petition (the "Petition") under Chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order recognizing the Foreign Proceeding and seeking authority to protect and administer the property of the Debtor located within the territorial jurisdiction of the United States for the benefit of all of the Debtor's creditors and to secure information necessary to preserve all such property. In support thereof, the Trustee respectfully states as follows:

_____

Douglas M. Foley (VSB No. 34364)
Daniel F. Blanks (VSB No. 48108)
McGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia 23510-1655
(757) 640-3700

*Counsel for Jeremiah Anthony O' Sullivan as Trustee and
Receiver for the Bankrupt Jonathan A. Loy*

**PRELIMINARY STATEMENT**

The Petitioner commences this Chapter 15 case pursuant to sections 1504 and 1509 of the Bankruptcy Code by filing this Petition seeking the recognition of a foreign proceeding that is currently pending in the United Kingdom pursuant to section 1515 of the Bankruptcy Code, together with the certifications, statements, and lists as required under section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  By this Petition, the Petitioner seeks entry of an order (i) granting the recognition of the English Administration as a foreign main proceeding under section 1517(a) and (b)(1) of the Bankruptcy Code; or in the alternative, a foreign nonmain proceeding under section 1517(a) and (b)(2) of the Bankruptcy Code; (ii) granting it relief under sections 1519, 1520, and 1521 of the Bankruptcy Code; and (iii) granting it such other and further relief that may aid the Petitioner in the English Administration pending in England all as more fully described herein.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and section 1501 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

**FACTUAL BACKGROUND**

**A.     Administration of Jonathan Loy**

4. In 2003, the Debtor made his Proposal for a Voluntary Arrangement with Creditors Pursuant to Part VIII of the Insolvency Act 1986 (the "IVA").  A copy of the IVA is

2

attached hereto as Exhibit A.

    5.    At the time of the IVA, the Debtor was a resident of the United Kingdom and resided at Crosses Farm, Thorverton, Exeter, Devon, England. See IVA, p. 1.

    6.    As set forth in the IVA, the Debtor proposed, *inter alia*, to sell his property located in France (the "French Property") with the proceeds of the sale to go satisfy the obligations of his creditors. The Debtor also proposed to retain certain property in the United States.

    7.    On July 31, 2003, at the meeting of the creditors, the IVA was approved, subject to modifications as confirmed by the Chairman's Report of July 31, 2003, and Christopher Mackenzie-Thorpe was appointed as Supervisor of the Arrangement. In October 2004, Mr. O'Sullivan replaced Mr. Mackenzie-Thorpe as Supervisor of the Arrangement.

    8.    On March 31, 2005, the Debtor informed the Trustee that he was unable to comply with the terms of the IVA, and had accumulated additional debt in the United Kingdom that was not included in the IVA and he had no prospects of paying his debt obligations. A copy of the March 31, 2005 letter is attached hereto as Exhibit B.

    9.    On April 14, 2005, the Trustee advised the Debtor that based upon the March 31, 2005 letter, the Trustee would likely file with the court a petition for bankruptcy. In addition, the Trustee requested an explanation regarding apparent misleading statements in the IVA. A copy of the April 14, 2005 letter is attached hereto as Exhibit C.

    10.    On May 18, 2005, the Debtor emailed the Trustee in response to his April 14, 2005 letter. A copy of the May 18, 2005 email is attached hereto as Exhibit D.

    11.    On March 10, 2006, the Trustee filed a Default Petition with the English Court that the Debtor be declared a bankrupt (the "Default Petition"). A copy of the

Default Petition is attached hereto as <u>Exhibit E</u>.  In support of the Default Petition, the Trustee stated that the Debtor had defaulted on his obligations under the IVA by failing to sell the French Property, which had diluted in value due to the Debtor's inaction, and that the Debtor was unwilling or unable to rectify the breach and comply with the terms of the IVA.

12. On August 17, 2006, the English Court ordered that the Debtor be adjudged bankrupt and Mr. O'Sullivan be appointed Trustee (the "Bankruptcy Order").  A copy of the Bankruptcy Order is attached hereto as <u>Exhibit F</u>.

**B.     <u>Chapter 15 Petition</u>**

13. The Debtor owns an undeveloped waterfront 3.78 acre parcel of real property located at 200 Creekview Lane in Hampton, Virginia (the "Creekview Property"). On February 1, 2007, the Trustee, by counsel, filed a *lis pendens* in the Circuit Court for the City of Hampton, Virginia asserting his lawful rights in the Creekview Property as a result of the English Court's appointment of him as Trustee over the assets of the Debtor's estate.  A copy of the *lis pendens* is attached hereto as <u>Exhibit G</u>.  The Creekview Property has a tax assessed value of at least $468,900.00 and an appraised value of $535,000.00.  An appraisal of the Creekview Property is attached hereto as <u>Exhibit H</u>.[1]

14. Because the Trustee has been unable to negotiate a successful resolution of amounts owed by Loy to the Trustee under the English Administration, the Trustee files this Chapter 15 Petition to have the English Administration recognized as a foreign main proceeding (or, in the alternative, a foreign nonmain proceeding) pursuant to section 1515 of the Bankruptcy Court in order to seek the United States Bankruptcy Court's assistance in administering the assets of the Debtor's estate, including the Creekview Property, for

---

[1] Upon information and belief, there is significant equity in the Creekview Property above any consensual lien debt.

4

the benefit of the Debtor's creditors.

**RELIEF REQUESTED**

15. Pursuant to section 1504 of the Bankruptcy Code, a foreign representative may commence a Chapter 15 case by filing a petition for recognition under section 1515 of the Bankruptcy Code. 11 U.S.C. §§ 1504 and 1515(a).

16. Pursuant to section 1515 of the Bankruptcy Code, a foreign representative must submit the petition for recognition accompanied by (i) proof of commencement of a foreign proceeding and appointment of a foreign representative; and (ii) a statement identifying all other foreign proceedings concerning the debtor. 11 U.S.C. § 1515(b).

17. Pursuant to section 1517 of the Bankruptcy Code, if the requirements of section 1515 of the Bankruptcy Code are satisfied, and the Court determines that the foreign proceeding is a "foreign main proceeding or foreign nonmain proceeding" under section 1502 of the Bankruptcy Code and the foreign representative is a person or body, the court shall enter an order recognizing the petitioner as a foreign representative under Chapter 15 of the Bankruptcy Code. 11 U.S.C. § 1517(a).

**A.    The English Administration is a Foreign Main Proceeding**

18. Section 101(23) of the Bankruptcy Code defines a "foreign proceeding" as:

> A collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. 101(23).

19. The English Administration constitutes a collective judicial proceeding in a foreign country relating to the reorganization or liquidation of the Debtor, Jonathan A. Loy. The Bankruptcy Order was issued pursuant to the Insolvency Act of 1986 – the law of

5

England governing insolvency or adjustment of debts in which the assets and affairs of a debtor is subject to control or supervision by the English Court, for the purpose of reorganization or liquidation of the Debtor.  Accordingly, this Chapter 15 case concerns a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

20. Liquidation, administration, or "winding up" proceedings commenced pursuant to British law, as well as proceedings in jurisdictions with insolvency laws derived from British law, are uniformly recognized as foreign proceedings.  See In re Laurence, Scott & Electromotors Ltd., Case No. 07-12017 (Bankr. S.D.N.Y. 2007 (England); In re Schefenacker PLC, Case No. 07-11482 (Bankr. S.D.N.Y. 2007) (England); In re TXU Europe Ltd., Case No. 04-11335 (Bankr. S.D.N.Y. 2005)(England); In re Brierly, 145 B.R. 151 (Bankr. S.D.N.Y. 1992)(England); In re Axoma Int'l Credit & Commerce, Ltd., 88 B.R. 597 (Bankr. S.D.N.Y. 1988)(Hong Kong); In re Kingscroft Ins. Co., 150 B.R. 77 (Bankr. S.D. Fla. 1992)(Bermuda).  Accordingly, the English Administration is without question foreign main proceeding under section 1517 of the Bankruptcy Code.

**B.     This Chapter 15 Case Was Commenced by a Foreign Representative**

21. Section 101(24) of the Bankruptcy Code defines a "foreign representative" as:

> A person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets and affairs or to act as a representative of such foreign proceeding.

11 U.S.C. §101(24).

22. In the English Administration, the English Court appointed O'Sullivan as trustee of the Debtor's estate to oversee the administration of the assets for the benefit of the Debtor's creditors.

6

23. Accordingly, the Trustee is a foreign representative within the meaning of 11 U.S.C. § 101(24) and 1515.

**C.    Further Relief**

24. In addition to the recognition of the English Administration as a foreign main proceeding, the Trustee seeks other and further relief authorized and permitted pursuant to Chapter 15 of the Bankruptcy Code. This relief is necessary to assist the Trustee in protecting and maximizing the value of the assets available to satisfy claims of creditors of the Debtor, and to otherwise ensure the fair, effective, and liquidation of the assets of the Debtor.

    **a.    The Petitioners are Entitled to Relief under Section 1520 of the Bankruptcy Code, Without Limitation**

25. Upon recognition of a foreign proceeding that is a foreign main proceeding, certain express relief is automatically granted as a matter of right. In particular, upon this Court's recognition of a foreign main proceeding, section 1520(a)(1) of the Bankruptcy Code requires that the automatic stay provisions under section 362 of the Bankruptcy Code apply to protect the assets of the Debtor from commencement or continuation of any claim as well as any act to take possession of the Debtor's property. See J.A. Jones Construction Group, 333 B.R. 637, 638 (E.D.N.Y. 2005) (stating that once "a foreign bankruptcy proceeding is recognized, a wide range of relief under American bankruptcy law immediately becomes applicable, including the automatic stay provision in Section 362 of the [Bankruptcy] Code."). The Trustee submits that it is entitled to the relief set forth in section 1520(a) of the Bankruptcy Code, without limitation.

    **b.    The Relief Requested under Section 1521 is Necessary and Appropriate**

26. Upon this Court's recognition of the proceeding before English Court as a foreign proceeding, whether main or nonmain, this Court may, at the request of the

7

Trustee, grant, with certain exceptions, "any appropriate relief" provided that this Court determines that doing so is necessary to effectuate the purpose of Chapter 15 and to protect the assets of the Debtor or the interests of the Debtor's creditors.  11 U.S.C. § 1521(a).  The Court, however, may only grant such relief if the interests of creditors and other interested entities are sufficiently protected.  11 U.S.C. § 1522.

27.    In addition to the relief provided as a matter of right under section 1520 of the Bankruptcy Code, the Trustee requests certain relief under section 1521 that is required to assist it in ensuring the effective implementation of the English Administration and the maximum recovery for the Debtor's creditors.  Without the relief provided for in section 1521(a), the English Administration would neither be able to ensure the fair and efficient administration of the Debtor's estate in a manner that protects the interests of all of the Debtor's creditors, nor protect and maximize the value of the Debtor's assets.  Such relief is necessary to effectuate the purpose of Chapter 15.

28.    Accordingly, the Trustee requests that this Court grant it the additional relief authorized by section 1521 including, without limitation:

(i)    staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Debtor, including any action or threatened proceeding by Mr. Loy to remove the *lis pendens* to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(ii)    staying execution against the assets of the Debtor to the extent not stayed under section 1520(a) of the Bankruptcy Code;

(iii)    suspending the right to transfer or otherwise dispose of assets of the Debtor to the extent this right has not been suspended under section

8

1520(a) of the Bankruptcy Code;

(iv) providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor, and finding that such information is required in the English Administration under the law of the United States;

(v) entrusting the administration or realization of all or part of the assets of the Debtor within the territorial jurisdiction of the United States to the Trustee;

(vi) granting comity to and giving frill force and effect to the English Administration; and

(vii) awarding the Trustee such other and further relief as this Court deems just and proper.

### c. The Relief Requested under Section 1519 is Necessary and Appropriate

29. The Trustee further requests interim relief, in an abundance of caution, to preserve the Debtor's assets in the United States for the benefit of all creditors. Interim relief is necessary because under Chapter 15, the automatic stay may not commence upon filing. Rather, the stay may only commences when the Court rules on a Chapter 15 petition and enters an Order granting recognition of a foreign main proceeding. See 11 U.S.C. § 1520(a)(l) (providing that the automatic stay under section 362 applies to all of the debtor's property within the territorial jurisdiction of the United States).

30. Where necessary to protect the Debtor's assets or the creditors' interests while a petition for recognition is pending, a court may grant, among other things, the following relief on a provisional basis:

- staying execution against the debtor's assets;

- entrusting the administration or realization of all or part of the debtor's assets located in the United States to the foreign representative or in other person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of their circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy;

- suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a); and,

- providing for the examination of witness, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities.

11 U.S.C. § 1519(a), § 1521(3) and (4) (incorporated by 11 U.S.C. §1519(a)(3).

31.     Therefore, this Court has jurisdiction under section 1519(a) of the Bankruptcy Code to order the foregoing relief in furtherance of the English Administration.

32.     Provisional injunctive relief is appropriate "to prevent individual American creditors from arrogating to themselves property belonging to the creditors as a group." See In re Banco Nacional de Obras v. Servicios Publico, S. N. C., 91 B.R. 661, 664 (Bankr. S.D.N.Y. 1988) (granting such an injunction); see also In re Bird, 222 B.R. 229, 233 (Bankr. S.D.N.Y. 1998) (finding that the purpose of filing under former section 304 was to prevent local creditors from dismembering assets located in the United States). Injunctive relief in the form of a stay also permits a debtor's affairs to be centralized in a single forum to maximize the creditors' recoveries. See Bennett v. Manufacturers & Traders Trust Co., 2000 U.S. Dist. LEXIS 15316 (N.D.N.Y. 2000) (citing Fidelity Mort Investors v. Camelia Builders, Inc., 550 F.2d 47, 55 (2d Cir. 1976)).

33.     Upon information and belief, the Debtor is about to encumber the Creekview Property with a construction loan to develop the property.

34.     Upon information and belief, the Debtor is also about to file a Bill of

Complaint to remove the Trustee's *lis pendens* for the purpose of allowing him to further encumber the Creekview Property with additional debt. A copy of the email from Leo J. Perk and draft Bill of Complaint are attached hereto as <u>Exhibit I</u>.

35. In this case, the provisional injunctive relief that the Trustee requests is necessary to preserve the Debtor's estate and permit the liquidation of the Debtor's assets under the auspices of applicable British insolvency law for the benefit of all creditors.

36. A proposed interim order granting the Trustee interim relief is attached hereto as <u>Exhibit J</u>.

## **CONCLUSION**

Wherefore, the Trustee respectfully requests that this Court enter orders, substantially in the form of the Proposed Interim Order attached hereto as <u>Exhibit J</u> granting the Trustee interim relief pursuant to section 1519 of the Bankruptcy Code and substantially in the form of the Proposed Order attached hereto as <u>Exhibit K</u> (i) granting (ii) granting the recognition of the English Administration as a foreign main proceeding under section 1517(a) and (b)(1) of the Bankruptcy Code; or in the alternative, a foreign nonmain proceeding under section 1517(a) and (b)(2) of the Bankruptcy Code; (ii) granting it relief under sections 1519, 1520, 1521 of the Bankruptcy Code; and (iii) granting it such other and further relief that may aid the Petitioner in the English Administration pending in England.

Dated: Norfolk, Virginia  
      October 28, 2007

Respectfully Submitted,

  /s/ Douglas M. Foley  
Douglas M. Foley (VSB No. 34364)  
Daniel F. Blanks (VSB No. 48108)  
McGUIREWOODS LLP  
9000 World Trade Center  
101 West Main Street  
Norfolk, Virginia 23510  
(757) 640-3700 - Telephone  
(757) 640-3701 - Facsimile

*Counsel for Jeremiah Anthony O'Sullivan as Trustee and Receiver for the Bankrupt Jonathan A. Loy*

/4845608.1