# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| In re: | Case No. 07-51040-SCS |
| JONATHAN A. LOY, | |
|     *Debtor in a Foreign Proceeding.* | Chapter 15 |

## MEMORANDUM OPINION

This matter came before the Court upon the Motion to Sell Real Property Free and Clear of All Liens, Claims, and Encumbrances filed by Jeremiah Anthony O'Sullivan (the "Trustee"), the official receiver and trustee of the property of Jonathan A. Loy (the "Debtor") in an English Insolvency Proceeding. The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 157(b) and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1410. Upon consideration of the pleadings and arguments of the parties, the Court makes the following finding of facts and conclusions of law.

### I. Background and Factual Findings

This case was commenced upon the filing by the Trustee on October 28, 2007, of a Petition for Recognition of Foreign Main Proceeding (the "Petition") under Chapter 15 of the Bankruptcy Code and a Memorandum of Law in Support of the Petition. The Petition sought recognition of an insolvency proceeding in England based upon a Bankruptcy Order on Creditor's Petition from the Exeter County Court, Devon, England, United Kingdom (the "English Order"), which adjudicated Loy as a bankrupt, as a Foreign Main Proceeding under 11 U.S.C. § 1517(a)(1). *See* Jonathan A. Loy, Case No. 07-51040-SCS, Docket Entry No. 3, Motion to Approve Petition for Recognition of Foreign Main Proceeding, filed October 28, 2007, at ¶¶ 11–12 [hereinafter "Motion to Approve"].

The Trustee attached to his Petition exhibits which provided proof of the entry of the English Order commencing a bankruptcy against Loy and of the appointment of Jeremiah Anthony O'Sullivan as Trustee in that proceeding.

This Court recognized the Foreign Main Proceeding. *See In re Loy*, 380 B.R. 154, 163 (Bankr. E.D. Va. 2007). Pursuant to the final order entered by this Court on December 18, 2007 (the "Recognition Order"), the Trustee is currently serving as a Foreign Representative as defined in 11 U.S.C. § 101(24) in a recognized Foreign Main Proceeding under 11 U.S.C. § 1517(a)(1).

On January 11, 2008, the Trustee filed a Motion to Sell Real Property Free and Clear of All Liens, Claims, and Encumbrances ("Motion to Sell"). The Motion to Sell seeks entry of an order authorizing the sale of certain real property of the Debtor located in Hampton, Virginia (the "Real Property") pursuant to 11 U.S.C.§§ 1521(a)(2) and 363(b) and (f). Among the allegations in the Motion to Sell, the Trustee alleges he recorded a Memorandum of Lis Pendens against the Real Property (the "lis pendens") on February 1, 2007. The lis pendens was filed to provide notice to third parties that the Real Property vested in the Trustee and the bankruptcy estate on August 17, 2006 (the date of entry of the English Order). The Trustee also alleges that when the Real Property vested in the Trustee and became property of the estate, it was subject to a purported first deed of trust securing a note (the "Note") currently held by TowneBank (the "TowneBank Deed of Trust"). The balance due on the Note is approximately $150,000.00. The Trustee further alleges that the Debtor recorded a document entitled "Deed of Gift" (the "Deed of Gift") on October 24, 2007. Under the terms of the Deed of Gift, the Debtor transferred the Real Property to himself and his wife, Susan Loy ("Mrs. Loy"), as tenants by the entirety. The Trustee further alleges that the Debtor executed and recorded a Deed of Trust on October 29, 2007, for the benefit of Joseph Pinard (the "Pinard

2

Deed of Trust") with respect to the Real Property.

In the Motion to Sell, the Trustee seeks an order pursuant to 11 U.S.C. §§ 363(b) and (f) authorizing him to sell the Real Property to an unidentified buyer free and clear of all liens, claims, and encumbrances, including but not limited to the TowneBank Deed of Trust without further order of the Court, provided, however, that the purchase price is not less than $350,000.00.

The Motion to Sell is opposed by Joseph L. R. Pinard. Pinard alleges he possesses a lien on the Real Property by reason of the Pinard Deed of Trust and objects to the Motion to Sell "since it seeks to invalidate [his] lien on the property." TowneBank also objects to the Motion to Sell, alleging that "all necessary parties are not before this court and, at this juncture, the court is without jurisdiction to adjudicate the remedy sought by the Trustee" and further that the trustees designated under the TowneBank Deed of Trust are not named as parties to this proceeding. TowneBank also alleges that the legal description of the Real Property in the TowneBank Deed of Trust contains a "scrivener error in that the attachment to the trust wherein the legal description of the property is contained is erroneous" and that at such time as all necessary parties are before this Court, and before the Real Property is sold, TowneBank will seek an appropriate order to correct this error.

*The Debtor and Mrs. Loy also object to the Motion to Sell on a number of bases. Principal* among these objections is their contention that the Trustee unlawfully filed the lis pendens against the Real Property, contending that the Motion to Sell seeks a determination that the lis pendens filed by the Trustee against the Real Property prior to this bankruptcy proceeding was properly filed.[1] The

---

[1] The Debtor has filed a Complaint against the Trustee in the Circuit Court of the City of Hampton, Virginia, Case Number CL08-000042, alleging that the lis pendens filed by the Trustee was improper and requesting that the lis pendens be quashed and removed of record and that he be awarded sanctions in the amount of $12,882.05 and damages for the alleged slander of title by the Trustee in the amount of $890,000.00. The Trustee caused the removal of the

3

Loys also defend the Motion to Sell by contending that the Debtor is not the sole owner of the Real Property, and in fact it is the marital property of the Debtor and Mrs. Loy, having been purchased with marital funds which flowed directly from the sale of their former marital residence in England. The Loys also contend that the Motion to Sell should be denied under the doctrines of laches and unclean hands. Finally, the Loys assert that the Trustee acted in bad faith by reason of his delay in seeking recognition by this Court.

The Trustee's Motion to Sell asserts that the Deed of Gift and the Pinard Deed of Trust are void and that in the context of the Motion to Sell, this Court may enter an order selling the Real Property free and clear of the interests of Pinard and the Loys:

> Subsequent to the date upon which the [Real] Property vested in the Trustee and became property of the estate, and after the recording of the *Lis Pendens*, the Debtor recorded a document entitled "Deed of Gift" on October 24, 2007, and a "Deed of Trust" on October 29, 2007, with respect to the [Real] Property. The Deed of Gift and Deed of Trust are void *ab initio* because the Debtor did not have authority from the Trustee to record either of these documents on behalf of the estate.

Motion to Sell, ¶ 9.

The Trustee also asserts that he is not aware of any other recorded liens, claims, or encumbrances with respect to the Real Property as of August 17, 2006, and that no valid liens, claims, or encumbrances exist after August 17, 2006, arguably the date when the Real Property vested in the Trustee and became property of the estate. The Trustee further submits that any valid liens, claims, or encumbrances on the Real Property that existed prior to August 17, 2006, should be transferred to the proceeds of sale, and that any distribution of the proceeds of sale with respect to such liens, claims, or encumbrances should be subject to the further order of this Court. This

---

Complaint to this Court pursuant to 28 U.S.C. § 1452.

requested distinction in treatment would result in only the lien, if any, of the TowneBank Deed of Trust attaching to the proceeds of sale and the claims of Pinard and Mrs. Loy to the Real Property in effect being eliminated as a result of the entry of the proposed sale order advocated by the Trustee. This negation is based upon the assertion of the Trustee that these property interests are void *ab initio* because these interests were transferred subsequent to the appointment of the Trustee pursuant to the English Order.[2]

At the hearing on the Motion to Sell conducted by this Court on February 11, 2008, the Court explored the merits of the Motion to Sell. In addition, the Court raised concerns as to whether the Trustee could be awarded the relief he seeks, including a declaration that the interests of Pinard and Mrs. Loy were void *ab initio*.

Section 1521 of the Bankruptcy Code provides for additional relief that may be granted to a recognized foreign representative under Chapter 15 and provides, in pertinent part:

> (a) Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including—
> 
> . . . .
> 
>    (7) granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

11 U.S.C. § 1521(a)(7) (2008).

The Trustee seeks authorization to sell the Real Property pursuant to §§ 363(b) and (f) of the Bankruptcy Code, which provide, in pertinent part:

---

[2] At the hearing on the Motion to Sell, in order to induce the Court to authorize a sale of the Real Property, the Trustee offered to permit the claims, if any, of Pinard and Mrs. Loy to attach to any proceeds of a sale and further agreed, subject to Court approval, to permit any claim by TowneBank for reformation of the TowneBank Deed of Trust to attach to any sale proceeds.

> (b) (1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . .
>
> . . . .
>
> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
>> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>> (2) such entity consents;
>> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>> (4) such interest is in bona fide dispute; or
>> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.* §§ 363(b)(1), (f).

However, the right of a trustee to sell pursuant to § 363 where there is a co-owner in property is further conditioned by the Bankruptcy Code:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

*Id.* § 363(h).

The Trustee asserts that the transfer of the Debtor's interests in the Real Property by reason of the Deed of Gift and the Pinard Deed of Trust was made after appointment of the Trustee pursuant to the English Order entered on August 17, 2006, and, as the provisions of English bankruptcy law

6

vest all property of the Debtor in the Trustee, these transfers therefore are void *ab initio*.[3]

---

[3] The pertinent provisions of the British Insolvency Act of 1986 relied upon by the Trustee provide as follows:

283. Definition of bankrupt's estate
(1) Subject as follows, a bankrupt's estate for the purposes of any of the Group of Parts comprises—
    (a) all property belonging to or vested in the bankrupt at the commencement of the bankruptcy, and
    (b) any property which by virtue of any of the following provisions of this Part is comprised in that estate or is treated as falling within the preceding paragraph.
. . . .
(3) Subsection (1) does not apply to—
    (a) property held by the bankrupt on trust for any other person, or
    (b) the right of nomination to a vacant ecclesiastical benefice.
. . . .
(5) For the purposes of any such provision in this Group of Parts, property comprised in a bankrupt's estate is so comprised subject to the rights of any person other than the bankrupt (whether as a secured creditor of the bankrupt or otherwise) in relation thereto, but disregarding—
    (a) any rights in relation to which a statement such as is required by section 269(a) was made in the petition on which the bankrupt was adjudged bankrupt, and
    (b) any rights which have been otherwise given up in accordance with the rules.
(6) This section has effect subject to the provisions of any enactment not contained in this Act under which any property is to be excluded from a bankrupt's estate.

284. Restrictions on dispositions of property
(1) Where a person is adjudged bankrupt, any disposition of property made by that person in the period to which this section applies is void except to the extent that it is or was made with the consent of the court, or it or was subsequently ratified by the court.
(2) Subsection (1) applies to a payment (whether in cash or otherwise) as it applies to a disposition of property and, accordingly, where any payment is void by virtue of that subsection, the person paid shall hold the sum paid for the bankruptcy as part of his estate.
(3) This section applies to the period beginning with the day of the presentation of the petition for the bankruptcy order and ending with the vesting, under Chapter IV of this Part, of the bankrupt's estate in a trustee.

Accordingly, the Trustee believes that this Court may order the sale of the Real Property free and clear of the interests of Mrs. Loy and Pinard. The Trustee further asserts that such transfers have been viewed by the Fourth Circuit Court of Appeals as void, and not voidable, supporting his contention this Court may order the transfer of the Real Property without any encumbrance resulting from either the Deed of Gift or the Pinard Deed of Trust. The Trustee argues as follows:

> [T]he Trustee's rights in the [Real] Property vested on August 17, 2006, the day Mr. Loy was declared bankrupt pursuant to the English Order. The Deed of Gift and Deed of Trust occurred post-bankruptcy. The Trustee did not authorize the Deed of Gift or Deed of Trust. These are undisputed facts. The Trustee submits that no further due process – either in the form of commencement of another case under title 11 or the commencement of an adversary proceeding – is necessary or warranted under the circumstances. The Deed of Gift and Deed of Trust are simply void *ab initio* and this Court should so conclude in granting the relief sought in the Motion.

Post-Hearing Memorandum in Support of Motion to Sell Real Property Free and Clear of All Liens,

---

(4) The preceding provisions of this section do not give a remedy against any person—
    (a) in respect of any property or payment which he received before the commencement of the bankruptcy in good faith, for value and without notice that the petition had been presented, or
    (b) in respect of any interest in property which derives from an interest in respect of which there is, by virtue of this subsection, has no remedy.
(5) Where after the commencement of his bankruptcy the bankrupt has incurred a debt to banker or other person by reason of the making of a payment which is void under this section, that debt is deemed for the purposes of any of this Group of Parts to have been incurred before the commencement of the bankruptcy unless—
    (a) that banker or person had notice of the bankruptcy before the debt was incurred, or
    (b) it is not reasonably practicable for the amount of the payment to be recovered from the person to whom it was made.
(6) A disposition of property is void under this section notwithstanding that the property, is not or, as the case may be, would not be comprised in the bankrupt's estate; but nothing in this section affects any disposition made by a person of property held by him on trust for any other person.

Insolvency Act of 1986, 1986, pt 9 c. 2 §§ 283–284 (Eng).

Claims, and Encumbrances, at 2.

In essence, the Trustee's assertion as to the Deed of Gift and the Pinard Deed of Trust is that these transfers are prohibited post-petition transfers under 11 U.S.C. § 549(a), which provides:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—
> (1) that occurs after commencement of the case; and
> (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or
> (B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a) (2008).[4]

Section 549 of the Bankruptcy Code is not one of the expressly excluded powers of a recognized foreign trustee pursuant to 11 U.S.C. § 1521. In addition, 11 U.S.C. § 1520 provides that, upon recognition of a foreign proceeding that is a foreign main proceeding (as this Court has determined the English bankruptcy proceeding to be), § 549 applies to a transfer of an interest in property of the debtor that is within the territorial jurisdiction of the United States to the same extent that this section would apply to property of the estate. *Id.* § 1520(a)(2).[5] Thus, while the Court is

---

[4] The Trustee apparently takes one of two possible positions concerning the alleged nullity of the Deed of Gift or the Pinard Deed of Trust: (1) the vesting of the debtor's property in the Trustee under English bankruptcy law has extra-territorial effect, even before the filing by the Trustee of the Foreign Recognition proceeding pursuant to Chapter 15 of the Bankruptcy Code here, or (2) the reference in § 549 to avoidance of a transfer of property "that occurs after commencement of the case" refers to the commencement of the English bankruptcy proceeding and not to the commencement of the instant Chapter 15 proceeding.

[5] Chapter 15 of the Bankruptcy Code expressly excludes most avoidance actions from the additional relief that a foreign representative may assert after recognition, but includes the *possible avoidance of a post-petition transfer by a debtor. See 11 U.S.C. § 1521 (2008).* The legislative history accompanying the passage of Chapter 15 of the Bankruptcy Code offers no enlightenment as to the rationale of the drafters in permitting the assertion of relief by a recognized foreign representative in the context of a Chapter 15 proceeding but requiring the assertion of an action under any of the other avoidance statutes only in the context of a proceeding under one of the other chapters of Title 11 of the United States Code. *See* 11 U.S.C. §§ 1521, 1523.

9

presented with the question of whether Chapter 15 authorizes a foreign trustee to utilize the provisions of §§ 363 and 549, the Court must also determine whether the avoidance action of § 549 may be asserted in the context of the Motion to Sell.

The Trustee asserts that the transfers represented by the Deed of Gift and the Pinard Deed of Trust are void *ab initio* and may simply be recognized as such in the context of ordering the Real Property sold pursuant to 11 U.S.C. § 363. It is undisputed the Real Property is currently titled in the names of the Debtor and Mrs. Loy as tenants by the entirety. In the absence of avoidance of the Deed of Gift, the Trustee, who only represents claims against the Debtor, would not be entitled to liquidate the Real Property under 11 U.S.C. § 363. "Under Virginia law, property held as tenants by the entirety is subject to the claims of joint creditors of both spouses but is not subject to the individual creditors of either." *Price v. Harris (In re Harris)*, 155 B.R. 948, 950 (Bankr. E.D. Va. 1993) (citing *In re Harry*, 151 B.R. 735, 737 (Bankr. W.D. Va. 1992) (citing *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599, 602 (1951)). "A trustee in bankruptcy may administer entireties property for the benefit of joint creditors pursuant to the conditions set forth in § 363(h)." *Id.* at 949–50 (citing *Sumy v. Schlossberg*, 777 F.2d 921, 932 (4th Cir. 1985); *In re Wickham*, 127 B.R. 9 (Bankr. E.D. Va. 1990)). Thus, only if the Trustee may avoid the Deed of Gift may he sell the Real Property pursuant to 11 U.S.C. § 363 in this Chapter 15 proceeding.

## II. Analysis of Section 549

If the Trustee's attempt to avoid the Deed of Gift and the Pinard Deed of Trust relies upon invocation of 11 U.S.C. § 549, this relief may not be provided in the present procedural posture of a Motion to Sell. "Federal Rule of Bankruptcy Procedure 7001(1) requires a trustee to file an adversary proceeding to avoid and recover an unauthorized post-petition transfer." *Schroeder v.*

*Rouse (In re Redding)*, 247 B.R. 474, 477 (B.A.P. 8th Cir. 2000); *Roffman v. Butler (In re ROPT Ltd. P'ship)*, 209 B.R. 144, 151 (B.A.P. 1st Cir. 1997); *In re WorldCom, Inc.*, 308 B.R. 157, 170 (Bankr. S.D.N.Y. 2004). Simply put, "[a] proceeding to recover money or property must be brought as an adversary proceeding" and "[a]n action to avoid a transfer of real estate under sections 549 . . . is clearly a proceeding to recover property." *In re Elam*, 194 B.R. 412, 415 (Bankr. E.D. Tex. 1996).[6] The distinction between adversary proceedings and contested matters (such as the Motion to Sell) has critical import in the context of a bankruptcy proceeding:

> The bankruptcy rules create two different types of proceedings for resolving disputes before the bankruptcy court—adversary proceedings and contested matters. Of the two, adversary proceedings are the more formal. They are initiated by a summons and complaint, to which the defendant is expected to respond. For contested matters, relief is generally sought through a motion and a response is not necessary unless the court requires one. If an adversary proceeding is required to resolve the disputed rights of third parties, the potential defendant has the right to expect that the proper procedures will be followed.

*In re Beard*, 112 B.R. 951, 954–55 (Bankr. N.D. Ind. 1990) (citing, in part, Fed. R. Bankr. P. 7001 and 9014); *see also Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995) (citing with approval *In re Beard*).

The Trustee also supports his argument that this Court may negate the transfers represented by the Deed of Gift and the Pinard Deed of Trust in the context of the Motion to Sell by his assertion that these transfers are void and not simply voidable and would be viewed as such by the Fourth Circuit Court of Appeals. In this regard, the Trustee misapprehends the distinction between a transfer

---

[6] The Advisory Committee Notes to Federal Rule of Bankruptcy Procedure 7001 make plain the intent that proceedings pursuant to § 549 be brought under the adversary proceeding rules: "Proceedings to which the rules in Part VII apply directly include those brought to avoid transfers by the debtor under §§ 544, 545, 547, 548 and 549 of the Code." Fed. R. Bankr. P. 7001 advisory committee's note.

which violates the automatic stay provisions of the Bankruptcy Code and a voluntary transfer by a debtor in derogation of the provisions of § 549. There is a split among the circuits as to whether an action taken in violation of the automatic stay is void or voidable. *See Hardy v. Spaith (In re Hardy)*, Case No. 06-10415-WIL, 2006 WL 4459298, *2 (Bankr. D. Md. Nov. 30, 2006) (citing *In re Lampkin*, 116 B.R. 450, 451–52 (Bankr. D. Md. 1990) (identifying how the circuits have ruled). The Fourth Circuit has not weighed in on this issue. *Id.*; *see also Ford Motor Credit Co. v. Hemsley (In re Bennett)*, 317 B.R. 313, 316 (Bankr. D. Md. 2004) (noting that the Fourth Circuit has not ruled on the "void" or "voidable" question and ruling that actions taken in violation of the automatic stay are void).

Accordingly, to the extent the Trustee seeks to utilize 11 U.S.C. § 549[7] to attempt to avoid the Deed of Gift and the Pinard Deed of Trust, the Trustee must assert this action in the form of an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.[8]

---

[7] If the Trustee relies upon the provisions of 11 U.S.C. § 549 to avoid the transfer represented by the Deed of Gift, there is an additional possible procedural complication. Section 1521 of the Bankruptcy Code excludes from the additional relief that may be granted a recognized foreign representative relief pursuant to § 550 of the Bankruptcy Code. Section 1523 also grants standing to a recognized foreign representative to initiate an action pursuant to § 550, but only in another proceeding pending against the debtor under another Chapter of the Bankruptcy Code. Section 550 of the Bankruptcy Code addresses the liability of a transferee of an avoided transfer under various avoidance provisions of the Bankruptcy Code, including § 549. If the Trustee must also invoke § 550 of the Bankruptcy Code in order to invalidate the transfers of the Deed of Gift and the Pinard Deed of Trust and return the Real Property to the estate of Loy, then §§ 1521 and 1523 of Chapter 15 of the Bankruptcy Code would prohibit such relief, except in the context of another proceeding pending against Loy under a chapter of the Bankruptcy Code other than Chapter 15.

[8] The Trustee suggests in his post-hearing memorandum that an adversary proceeding here is unnecessary and the parties have been provided ample due process by the current motion proceeding. However, "[t]his requirement of [proceeding by adversary] is not a mere formality and a failure to comply is a sufficient ground for denying relief." *In re Friday*, Case No. 07-11734C-13G, 2007 WL 4458915, *1 (Bankr. M.D.N.C. Dec. 12, 2007) (citing *MFS Telecom*,

### III. Alternatives to Section 549

In the event the Trustee relies solely upon the application of English law for the avoidance of the Deed of Gift and the Pinard Deed of Trust, consideration must also be afforded as to what procedural posture is required for assertion of such an action in the context of this Chapter 15 proceeding. A review of decisions under Chapter 15 of the Bankruptcy Code and its predecessor statute, former § 304, reveal no reported instances where a foreign representative has relied upon the law of the jurisdiction of the foreign main proceeding to avoid a transfer of a property situated in the United States, much less where consideration of the procedural mechanism needed to be employed for assertion of such a recovery theory has been explored.

However, an analysis of the relief sought by the Trustee suggests, in essence, he seeks a declaration by this Court that the transfers represented by the Deed of Gift and the Pinard Deed of Trust are void *ab initio* and therefore of no legal force and effect. As such, the Trustee requests this Court to enter a declaratory judgment, an action required by Federal Rule of Bankruptcy Procedure 7001 to be initiated by the filing of an adversary proceeding.[9]

Alternatively, applying the breadth of the language of Rule 7001, which states an adversary is "a proceeding to recover property or money," an attempted avoidance of the Deed of Gift or the Pinard Deed of Trust via the direct application of English law would appear to plainly fall within the gamut of Rule 7001 and require the Trustee to proceed by filing of an adversary proceeding to assert such a theory of recovery. Furthermore, the requirements of affording due process to the transfer

---

*Inc. v. Motorola Inc. (In re Conxus Commc'ns, Inc.)*, 262 B.R. 893, 899 (D. Del. 2001)).

[9] Federal Rule of Bankruptcy Procedure 7001 provides that an adversary proceeding, among other types of actions, is "a proceeding to obtain a declaratory judgment relating to any of the foregoing [provisions]." Fed. R. Bankr. P.7001(9).

recipients, Mrs. Loy and Pinard, speak loudly to the necessity of requiring the Trustee to proceed by the filing of an adversary proceeding if he is asserting the right to avoid the Deed of Gift and the Pinard Deed of Trust by the direct application of English law. *See Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 95 (4th Cir. 1995).[10]

## IV. Summary

In summary then, and for the guidance of the parties, in order to proceed to a determination regarding the ultimate liquidation of the Real Property, the Trustee must assert whatever avoidance provisions he relies upon to negate the Deed of Gift and the Pinard Deed of Trust in the context of an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, joining all necessary parties to the proceeding.

## V. Conclusion

For the reasons stated herein, this Court concludes that the Trustee cannot avoid the transfers represented by the Deed of Gift and the Pinard Deed of Trust in the context of the Motion to Sell. The *Motion to Sell is, therefore, denied without prejudice to it being reasserted by the Trustee in the event* he is ultimately successful in the avoidance of the Deed of Gift.

A separate Order will be entered, consistent with this Memorandum Opinion, denying the Motion to Sell.

---

[10] The proposed attachment of the claims of Mrs. Loy, Pinard, and TowneBank to any proceeds of the sale of the Real Property is insufficient to cure any of the concerns of the Court as to the necessity found here that any avoidance of these claims occur in the context of an adversary proceeding, nor can such a procedure provide the due process of an adversary proceeding under the Federal Rules of Bankruptcy Procedure. The awkwardness of imposition of such a procedure is particularly acute in the instance of the TowneBank Deed of Trust, where presumably the parties would litigate TowneBank's legal entitlement to reform the provisions of the TowneBank Deed of Trust after its release as a result of the contemplated sale.

14

The Clerk is ORDERED to forward a copy of this Memorandum Opinion to Douglas M. Foley, counsel for the Trustee; to Jonathan Loy, Debtor; to Susan Loy; to Kenneth N. Whitehurst, III, Office of the United States Trustee; to Joseph L. R. Pinard, c/o Leo J. Perk, Esquire; and to Julian A. Bryant Jr., counsel for TowneBank.

**Entered this 3rd day of April, 2008.**

STEPHEN C. ST. JOHN
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
Entered on docket
**APR - 3 2008**