# UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

_____

*In re*:                                        )          Case No. 07-51040-FJS
                                                )
                                                )          Chapter 15
Jonathan A. Loy                                 )
                                                )          Case No. 09-51379-FJS
                                                )
        *Debtor.*                               )          Chapter 7
_____ )

## MEMORANDUM OPINION

On May 20, 2011, the Court held a hearing on the Debtor's "Motion Objecting To

Court's Orders And Opinion Of March 30, 2011 & Request For Leave to Appeal" (the "Motion

for Leave to Appeal").  (Case No. 07-51040-FJS, Doc. No. 166.)[1]  The Debtor filed the Motion

for Leave to Appeal because, on March 30, 2011, the Court entered an Order denying without

prejudice the Debtor's motion to revoke recognition of a foreign main proceeding (Doc. Nos.

161, 162; the "March 30 Order").  In response to the March 30 Order, pursuant to 28 U.S.C. §

1292(b), the Debtor sought certification for interlocutory appeal to the United States District

Court for the Eastern District of Virginia.  For the reasons stated below, the Motion for Leave to

Appeal is DENIED.  The Court will not certify the appeal for interlocutory review.  The Court

will afford the Debtor the opportunity to complete the factual record before the Court.

The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334

and the General Order of Reference from the United States District Court for the Eastern District

of Virginia, dated August 15, 1984.  This is a core proceeding pursuant to 28 U.S.C. §

_____

[1] Unless otherwise indicated, all further references to docket entries refer to the Debtor's Chapter 15 Case, Case No.
07-51040-FJS.

157(b)(2)(A) and (P), in which final orders of judgments may be entered by a bankruptcy judge.

Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408(1) and 1409(a).

## I. INTRODUCTION

Jonathan A. Loy (the "Debtor") is a British citizen, appearing *pro se*, who resided

lawfully in Hampton, Virginia until mid-to-late December 2010.  The Debtor is the subject of a

pending Chapter 15 proceeding before the Court, filed on October 28, 2007.  (Doc. No. 1.)  The

Debtor is also the subject of a pending Chapter 7 case before the Court, filed on August 26,

2009.  (Case No. 09-51379-FJS, Doc. No. 1.)  On September 15, 2009, the Debtor sought

termination of recognition of the Chapter 15 case (the "Motion to Revoke Recognition").  (Doc.

No. 71.)  After extensive briefing and multiple hearings, the Court issued the March 30 Order

that denied without prejudice the Motion to Revoke Recognition.  (Doc. No. 161.)

For a full recitation of the factual and procedural history of (i) the Debtor's Chapter 15

case, (ii) the Debtor's Chapter 7 case, (iii) and the insolvency matters pending against the Debtor

in the United Kingdom, the March 30 Order provides a comprehensive summary of all of the

proceedings.  (Doc. No. 161, at 2-25.)  What follows provides the facts pertinent to the Motion

for Leave to Appeal and developments since the Court issued the March 30 Order.

## II. BACKGROUND

Chapter 15 of Title 11 of the United States Code allows a foreign representative of a

foreign bankruptcy proceeding to apply for recognition of that proceeding in the United States.

11 U.S.C. §§ 1501(b), 1512, 1515, 1517 (2006).  Once the foreign proceeding qualifies for

recognition, the foreign representative is permitted to sue or be sued in the United States' courts.

11 U.S.C. §§ 1520(c), 1521, 1523.  A "foreign main proceeding" is defined as "a foreign

proceeding pending in the country where the debtor has the center of its main interest" (or

"COMI").  11 U.S.C. §§ 1502(4), 1515(a).

In this case, on August 9, 2002, the Debtor purchased real property in Hampton, Virginia,

located at 200 Creekview Lane (the "Creekview Property").  (Doc. No. 3, Ex. A.)  The Debtor

and his family relocated to Hampton, Virginia from the United Kingdom in November 2004.[2]

On August 17, 2006, Deputy District Judge Ayles of the Exeter Country Court, England issued

an order adjudging the Debtor a "bankrupt" and appointed Jeremiah O'Sullivan (the "English

Trustee") as trustee to oversee the Debtor's English Bankruptcy proceedings.  (Doc. No. 3, Ex.

F.)  Subsequently, on October 28, 2007, the English Trustee, by counsel, filed the Petition for

Recognition Of Foreign Main Proceeding, and supporting memorandum.  (Doc. Nos. 1, 3.)  On

December 18, 2007, Judge St. John granted recognition of the foreign main proceeding, pursuant

to 11 U.S.C. § 1517 (the "Recognition Order").  (Doc. Nos. 22, 23.); *In re Loy*, 380 B.R. 154

(Bankr. E.D. Va. 2007).

On September 15, 2009, the Debtor filed the Motion to Revoke Recognition.  (Doc. No.

71.)[3]  Section 1517(d)[4] of the Code allows courts to revisit a prior grant of recognition.  The

Debtor argued that revisiting the Recognition Order was appropriate because "facts were

misrepresented to the court by the petitioner and important evidence was not presented to the

---

[2] The Debtor and Mrs. Loy resided in Hampton, Virginia, as early as November 2004.  (Case No. 09-51379-FJS,
Doc. No. 27, ¶ 16.)  The Debtor and Mrs. Loy, however, have also made statements that suggest they moved to the
United States on or about November 2005.  (Case No. 08-5002, Doc. No. 9, ¶ 9 (stating that the Debtor and Mrs.
Loy resided in the United States fifteen (15) months prior to attempting to obtain a loan in February 2007)).

[3] Between December 2007 and September 2009, however, litigation between the Debtor and the English Trustee
ensued in both stated and federal courts.  The March 30 Order provides a comprehensive summary of these
proceedings.  (Doc. No. 161, at 8-16.)

[4] "The provisions of this subchapter do not prevent modification or termination of recognition if it is shown that the
grounds for granting it were fully or partially lacking or have ceased to exist, but in considering such action the court
shall give due weight to possible prejudice to parties that have relied upon the order granting recognition.  A case
under this chapter may be closed in the manner prescribed under section 350."  11 U.S.C. § 1517(d) (2006).

court." (Doc. No. 71, ¶ 6.)

On November 19, 2010—after the parties submitted multiple briefs and supplementary briefs on the issue of recognition—the Court held a Status Hearing on the Motion to Revoke Recognition. (Case No. 09-51379-FJS, Doc. No. 215.) The Court stated at that hearing that it was inclined to terminate recognition. Ultimately, the Court afforded the parties the opportunity to submit final briefs, and scheduled a final hearing for December 14, 2010 in Norfolk, Virginia, a date and location set specifically to accommodate the Debtor's travel plans. (Nov. 19, 2010 Hr'g Tr. at 29:21-31:17.)

On December 14, 2010, the Court held a final hearing on the Motion to Revoke Recognition. (Case No. 09-51379-FJS, Doc. Nos. 219, 220.) The Court announced that it would enter an Order terminating recognition. (Dec. 14, 2010 Hr'g Tr. at 93:11-12.) That finding was premised on the Debtor's repeated representations in support of his argument that his COMI was at all relevant times Hampton, Virginia, not the United Kingdom. (Dec. 14, 2010 Hr'g Tr. at 88:23.) The Court stated that, following the hearing, it would reduce to a written Memorandum Opinion and Orders its rulings. The Court also stated that the forthcoming rulings would comprise a final, appealable judgment. (Dec. 14, 2010 Hr'g Tr. at 94:25-95:15.)

On January 4, 2011, however, the English Trustee filed a Post Hearing Status Report regarding the Debtor's COMI (the "Post Hearing Status Report"). (Doc. No. 144.) The Post Hearing Status Report arose out of an electronic-mail communication sent by the Debtor to counsel for the English Trustee. (Doc. No. 144, Ex. A.) The e-mail message indicates that, as of January 4, 2011, the Debtor relocated to Meslan, France. Rather than terminate recognition, the Court convened a Status Hearing to schedule a Final Hearing at which (1) the Court would inquire into the facts behind the Debtor's statements that he had relocated to France; and (2) the

4

Debtor would be required to appear in person before the Court.  The Court afforded the Debtor

the convenience of appearing by telephone.  (Doc. No. 147.)

On February 25, 2011, the Court held a Status Hearing.  The purposes of the Status

Hearing was to provide the Debtor with notice of the Court's concerns about the developments in

the case and to afford the Debtor the opportunity to schedule a full hearing at which he could

appear and present evidence in support of his position.  The Court questioned the accuracy of the

Debtor's repeated representations that Hampton, Virginia was his COMI and would remain his

family's permanent home.  (Feb. 25, 2011 Hr'g Tr. at 4:6-11.)  As stated in the March 30 Order,

the Court would not afford the Debtor the remedy of termination of recognition without a

complete factual record.  Doing so on an incomplete record would preclude the Court's ability to

adhere to the statutory mandate of § 1517(d), which permits the Court to exercise its discretion to

revisit a recognition decision but which also requires the Court to take into account possible

prejudice to parties in interest should the Court modify the Recognition Order.

The Court has the authority and discretion to revisit the Recognition Order.  (Doc. No.

161, at 25-34.)  Section 1517(d) makes clear that the statute permits "modification or

termination" of the Recognition Order, "if it is shown that the grounds for granting it were fully

or partially lacking or have ceased to exist."  11 U.S.C. § 1517(d).  The Court, however, "shall

give due weight to possible prejudice to parties that have relied upon the order granting

recognition."  11 U.S.C. § 1517(d).[5]  Any final decision by the Court that either terminates,

modifies, or leaves in place the Recognition Order shall examine the rights of parties in interest

potentially prejudiced by termination or modification of the Recognition Order.  The Court will

---

[5] In the March 30 Order, the Court evaluated this possible prejudice in the context of laches, concluding that laches did not bar the Debtor from first moving to revoke recognition over one year and eight months past the issuance of the Recognition Order.  (Doc. No. 161, at 30-33.)

only consider terminating recognition on a fully articulated record because the rights of third

parties are implicated.

On April 4, 2011, the Debtor filed a Motion for Leave to Appeal the March 30 Order.

(Doc. No. 166.)  In the Motion for Leave to Appeal, the Debtor argues that his relocation to

France "does not change the historical facts in respect to [the Debtor's] COMI from 2004 to

2010, neither can it change [the Debtor's] COMI, then or now, to England."  (Doc. No. 166, at

2.)  The Debtor also asserts that the Court's request that the Debtor appear before the Court in

person is unreasonable and unnecessary.  (Doc. No. 166, at 5.)  The Debtor argues that given his

allegedly precarious financial condition and the advent of modern technology he should be

permitted to appear by telephone or by video.  (Doc. No. 166, at 5.)

On May 12, 2011, the Debtor filed a "Pre-Hearing Status Report *In Re Jonathan Loy*

May 11, 2011" (the "Status Report").  (Doc. No. 171.)  In the Status Report, the Debtor reiterates

his position that his COMI was, at all relevant times, the United States of America, and, thus,

recognition should be terminated even in light of his relocation to France.  The Debtor asserted

that the Court is bound to its oral ruling of December 14, 2010 and that, were the Court to issue

the ruling and orders enumerated at the December 14, 2010 Hearing, then the Debtor's problems

would cease.  (Doc. No. 171, ¶ 8.)  Neither the Motion for Leave to Appeal nor the Status Report

contain a single citation to 28 U.S.C. § 1291 or § 1292(b) or controlling case law on the issues of

a final judgment or an interlocutory appeal.

On May 20, 2011, the Court held a hearing on the Motion for Leave to Appeal.  (Doc.

No. 172.)  At this hearing, the Debtor failed to argue within the context of the controlling statutes

or case law.  Rather, the Debtor questioned the import that his move to France had on his COMI

between August of 2006 and through 2010.  (May 20, 2011 Hr'g Tr. at 28:1-7.)  The Debtor

6

requested that the Court direct to the Debtor questions about his relocation to France during that

hearing, via telephone.  (May 20, 2011 Hr'g Tr. at 28:19-22.)  The Court informed the Debtor

that the purpose of the May 20, 2011 Hearing was to hear arguments on whether the Court

should grant the Motion for Leave to Appeal, *not* to take additional evidence regarding

termination of recognition.  (May 20, 2011 Hr'g Tr. at 23:23-29:5.)  The United States Trustee

appeared at the May 20, 2011 Hearing and objected to certification of the Motion for Leave to

Appeal and the March 30 Order for interlocutory review.  (May 20, 2011 Hr'g Tr. at 30:10-16.)

### III. DISCUSSION

In the absence of a final judgment on the merits, a litigant may pursue certification for an

interlocutory appeal.  "[T]he certification of an interlocutory appeal requires 'exceptional

circumstances that justify a departure from the basic policy limiting appellate review to final

judgments.'"  *DiFelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting

*Terry v. June*, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005) (internal citations omitted)).  "[T]he

Fourth Circuit has made clear that 'certainly the kind of question best adapted to discretionary

interlocutory review is a narrow question of pure law whose resolution will be completely

dispositive of the litigation, either as a legal or practical matter, whichever way it goes.'"

*DiFelice*, 404 F. Supp. 2d at 908 (quoting *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL

42583, at *5 (4th Cir. 1989)) (citing *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250

B.R. 74, 78 (E.D. Va. 2000)).

For the reasons stated below, the March 30 Order is not a final judgment on the merits,

and the March 30 Order does not adjudicate a discrete dispute that warrants interlocutory

appellate review.  The Motion for Leave to Appeal and the March 30 Order exist in the context

of a record in which factual issues remain uncertain.  The Motion for Leave to Appeal and the

March 30 Order do **not** raise a "narrow question of pure law whose resolution will be completely dispositive of the litigation." *DiFelice*, 404 F. Supp. 2d at 908 (internal quotation marks and citations omitted).

### A. Courts Grant Leniency to *Pro Se* Litigants

While it is axiomatic that leniency is afforded to *pro se* debtors and that *pro se* pleadings are to be construed liberally by the courts, the grant of leniency is not without its limitations. *Thompson v. N.M. Student Loan Guar. Corp.* (*In re Thompson*), 329 B.R. 145 (Bankr. E.D. Va. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). In order to promote efficiency, courts may not allow *pro se* litigants to deviate completely from the rules of procedure. *Hopkins v. Educ. Credit Mgmt. Corp.* (*In re Hopkins*), Case No. 08-5012-SCS, 2009 WL 1789334, at *9-*10 (Bankr. E.D. Va. June 22, 2009) (citing *McCain v. Educ. Credit Mgmt. Corp.* (*In re McCain*), 353 B.R. 452, 464-65 (Bankr. E.D. Va. 2006)). *Pro se* litigants are expected to familiarize themselves with the courts' rules so that the rules can be "consistently and fairly appl[ied] . . . to all parties, whether they are *pro se* or represented by counsel." *In re McCain*, 353 B.R. at 464-65. In light of the Debtor's failure to cite any controlling statutory authority or controlling case law in support of his argument, the Court presents the requisite analysis.

### B. The March 30 Order Is Not A Final Judgment

Section 158(a) of Title 28 of the United States Code states that "[t]he district courts of the United States shall have jurisdiction (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1) (2006). If the March 30 Order is a final judgment, then the United States District Court for the Eastern District of Virginia has appellate jurisdiction to review the March 30 Order. 28 U.S.C. § 1291 and the case law interpreting that

8

statute determine whether or not the March 30 Order is a final judgment.  Section 1291 states

that "[t]he courts of appeals (other than the United States Court of Appeals for the Federal

Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the

United States . . . ."  28 U.S.C. § 1291 (2006).

"[S]ection 1291 govern[s the Fourth Circuit's] review of bankruptcy cases commencing

in the district court."  *Capitol Credit Plan of Tenn., Inc. v. Shaffer*, 912 F.2d 749, 752 (4th Cir.

1990) (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986); *cf.  Jove

Eng'g, Inc. v. Internal Revenue Serv.*, 92 F.3d 1539, 1547 (11th Cir. 1996) ("In the bankruptcy

context, 'finality' under § 1291 is viewed similarly to 'finality' under § 158(d) and its

predecessor, § 1293.") (citing *In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 725 n.2 (11th Cir.

1995)); *cf. Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1298-99 (7th Cir. 1997) ("A

cousin to § 1291 finality-based jurisdiction, § 158 governs review of cases initiated in the

bankruptcy court, and provides separate bases for jurisdiction at the district court and appellate

levels.").  Thus, § 1291 and relevant case law inform the Court's judgment.  *Cf. Stern v.

Marshall*, No. 10-179, __ S. Ct. __, 2011 WL 2472792, at *9 (United States Supreme Court June

23, 2011) (citing 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8013) ("Parties may appeal final

judgments of a bankruptcy court in core proceedings to the district court, which reviews them

under traditional appellate standards.").

"As a general rule, a final judgment under 28 U.S.C. § 1291 [] is 'one which ends the

litigation and leaves nothing for the court to do but execute the judgment.'"  *Cox v. Mitchell*, 131

F.3d 133 (4th Cir. 1997) (quoting *Catlin v. United States*, 324 U.S. 229,233 (1945) (internal

citations omitted); *see also Culver v. Molinario*, 67 F.3d 294, 1995 WL 570437, at *1 (4th Cir.

1995) (unpublished per curiam opinion) (holding that a "bankruptcy court's order denying the

motion to dismiss is not a final order because it does not resolve the litigation, decide the merits,
settle liability, establish damages, or even determine the rights of any party to [the debtor's]
bankruptcy case").

In this case, the March 30 Order brings no finality to the Debtor's Chapter 15 case or the
Debtor's Chapter 7 case. The March 30 Order does not resolve the Motion to Revoke
Recognition because the factual record before the Court remains incomplete. The March 30
Order does not decide the merits of the Motion to Revoke Recognition. The March 30 Order
does not settle liability or establish damages as to any of the parties. The March 30 Order does
not determine the rights of any party to the Debtor's Chapter 15 case or the Chapter 7 case.
Rather, the March 30 Order represents the Court's analysis and exercise of discretion to revisit
the Recognition Order. Ultimately, the Court could not—and cannot now—render an informed
decision on the Motion to Revoke Recognition because the Debtor refuses to present sworn
testimony in person regarding the facts of his relocation to France. The absence of this
information prevents the Court from making a fully informed decision to exercise or refrain from
exercising its discretion to terminate recognition. It also prevents the Court from making a fully
informed decision in reference to possible prejudice to third parties as mandated by § 1517(d).
Because of this, the Court denied without prejudice the Motion to Revoke Recognition. The
Court reserved the right to revisit its decision after the Debtor completes fully the record. (Doc.
No. 161, at 34-36.)

"The effect of [§ 1291] is to disallow appeal from any decision which is tentative,
informal or incomplete . . . . So long as the matter remains open, unfinished or inconclusive,
there may be no intrusion by appeal." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546
(1949); *see also United States v. Ferebe*, 332 F.3d 722, 744-45 (4th Cir. 2003). The March 30

Order is incomplete and the decision of whether to grant the Motion to Revoke Recognition

"remains open, unfinished [and] inconclusive." *Cohen*, 337 U.S. at 546.  Until the Debtor

explains fully the circumstances behind his decision to move to France and until the Court can

determine the impact of these additional facts regarding any possible prejudice to parties that

have relied on the Recognition Order, the Court will not issue an Order that either grants or

denies *with* prejudice (i.e., finality) the Motion to Revoke Recognition.  (Doc. No. 161, at 35.)

Without knowing when the Debtor decided that he would relocate to France and to what

extent, if any, he concealed that fact from the Court and made contrary representations to the

Court, the Court cannot render a fully informed decision on whether to exercise its discretion to

grant or deny the Motion to Revoke Recognition.  In fact, at the May 20, 2011 hearing, the

Debtor admitted that he considered telling the Court that he was relocating to France but opted

not to do so.[6]  In doing so, the Debtor substituted his judgment for that of the Court's as to a

potentially material fact, clouding the record and raising questions about the Debtor's good faith

and credibility.

### C. The Concept Of Finality Is More Flexible In Bankruptcy Cases

Bankruptcy courts apply less rigidly the concept of finality than in the case of a civil

action on appeal to the circuit court from the district court.  "[F]inality under 1291 is to be given

---

[6] The Debtor stated: "Whether or not the Court wants to ask more questions about my move, I have two minds whether to tell the Court that we were thinking of moving or not because it didn't change my COMI.  Historically, I thought it was of no material—no material difference, I don't believe it does."  (May 20, 2011 Hr'g Tr. at 28:8-12.) The Debtor also stated:

> I understand that the Court may be upset about it.  And, as I said before, I was in two minds whether to say anything or not, and I obviously wrongfully made the decision not to, but I don't see at this stage what is to really be gained even if I was the worst, most despicable man in the planet and was trying to mislead the Court in this regard, I don't understand how anything that I could tell you face-to-face or on the telephone would change what happened between 2006 and 2009.

(May 20, 2011 Hr'g Tr. at 39:4-12.)

not an absolute and inflexible construction in bankruptcy cases in which a 'functional' and

'practical' application is to be the rule." *Piccinin*, 788 F.2d at 1009; *see also In re Johns-*

*Manville Corp.*, 824 F.2d 176, 179 (2d Cir. 1987) (quoting *In re Saco Local Dev. Corp.*, 711

F.2d 441, 444-46 (1st Cir. 1983)).  Justice Breyer, then Judge Breyer of the First Circuit,

explained the policy that underscores this pragmatism:

> A "proceeding" was not the overall liquidation or reorganization, but rather an
> individual "matter [] of an administrative character . . . presented in the ordinary
> course of the administration of the bankrupt's estate."  As a result, any dispute
> between a bankrupt and his creditors over a claim or priority was a separate
> "proceeding," and an order settling such dispute was appealable.

*In re Saco Local Dev. Corp.*, 711 F.2d at 444-45 (quoting *Taylor v. Voss*, 271 U.S. 176, 181

(1926)).  A judgment of the bankruptcy court that settles a discrete dispute between the debtor

and a creditor is appealable, even if, where applicable, a plan of reorganization has not been

entered.  *See Piccinin*, 788 F.2d at 1009 (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d

Cir. 1985)).

In light of this relaxed standard of finality, the March 30 Order is ***not*** a final judgment

that settles a discrete dispute.  No analogy or similarity can be drawn between an order that

resolves a discrete controversy or adversary proceeding and the March 30 Order.  For example, if

a court adjudicates a creditor's claim that a debt be declared nondischargeable pursuant to 11

U.S.C. § 523(a), then that judgment resolves the dispute by apportioning liability and damages

between the debtor and that particular creditor, while the rights of other creditors and parties in

interest are not impacted directly.  Assuming that the Motion to Revoke Recognition presents a

discrete dispute or controversy within the Debtor's Chapter 15 Case, the March 30 Order does

not settle or resolve that dispute or controversy.  The March 30 Order notes, specifically, that the

Court has an incomplete factual record before it and provides the Debtor with the opportunity to

complete the record.  As was the case on March 30, 2011, and remains the case today, the Court

cannot determine whether to terminate recognition or to leave recognition in place without a

complete record.

### D. The Collateral Order Doctrine

A related theory that allows for review of non-final decisions is the collateral order

doctrine.  The Supreme Court of the United States stated that the collateral order doctrine permits

interlocutory appeals for a "small class [of decisions] which finally determine claims of right

separable from, and collateral to rights asserted in the action, too important to be denied review

and too independent of the cause itself to require that appellate consideration be deferred until

the whole case is adjudicated.'' *Cohen*, 337 U.S. at 546; *see also Cooper & Lybrand v. Livesay*,

437 U.S. 461, 468 (1978) ("[T]he order must conclusively determine the disputed question,

resolve an important issue completely separate from the merits of the action, and be effectively

unreviewable on appeal from a final judgment."); *Carolina Power & Light Co. v. United States*

*Dep't of Labor*, 43 F.3d 912, 916 (4th Cir. 1995).  For the same reason that the less rigid

approach to finality fails to afford the Debtor relief, the collateral order doctrine does not help

the Debtor either.  The March 30 Order does not "finally determine claims of right separable

from, and collateral to rights asserted in the action." *Cohen*, 337 U.S. at 546.  Again, in light of

an incomplete factual record, the March 30 Order does not determine finally whether or not to

terminate recognition.

### E. The March 30 Order Will Not Be Certified For Interlocutory Appeal

Section 158(a) of Title 28 of the United States Code states that "[t]he district courts of the

United States shall have jurisdiction . . . (3) with leave of the court, from other interlocutory

orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the

bankruptcy judges under section 157 of this title."[7]  28 U.S.C. § 158(a)(3) (2006).  Section

1292(b) of Title 28 of the United States Code and relevant case law set forth the elements that

must be present in order for the bankruptcy court to certify an appeal for interlocutory review by

the district court.  *See, e.g., In re Swyter*, 263 B.R. 742, 748-49 n.5 (E.D. Va. 2001) ("[Section]

1292(b) establishes the circumstances, in general, in which interlocutory appeals may be

pursued.") (citing *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78

(E.D. Va. 2000)); *Atl. Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996) ("Although

§ 158 provides no direct guidance concerning the grant or denial of leave to appeal interlocutory

orders, many courts apply an analysis similar to that employed by the district court in certifying

interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b).") (citing *In re

Swann Ltd. P'ship*, 128 B.R. 138, 140 (D. Md. 1991)); *see also* 28 U.S. § 158(c)(2) ("An appeal

under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil

proceedings generally are taken to the courts of appeals from the district courts . . .").  Section

1292(b) states that:

> When a district judge, in making in a civil action an order not otherwise appealable
> under this section, shall be of the opinion that such order involves a controlling
> question of law as to which there is substantial ground for difference of opinion
> and that an immediate appeal from the order may materially advance the ultimate
> termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (2006).

Three elements are required for the Court to certify for interlocutory review the March 30

Order and the Motion for Leave to Appeal.  "Pursuant to § 1292(b), leave to file an interlocutory

appeal should be granted only when (1) the order involves a controlling question of law, (2) as to

---

[7] Pursuant to 28 U.S.C. § 157(b)(2)(P), "[c]ore proceedings include . . . recognition of foreign proceedings and other
matters under chapter 15 of title 11."  28 U.S.C. § 157(b)(2)(P) (2006).

which there is substantial ground for difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation." *In re Swyter*, 263 B.R. at 749; *see* 28 U.S.C. § 1292(b); *see also Taylor v. Robertson*, 879 F.2d 863, No. 89-6002, 1989 WL 79747, at *1 (4th Cir. 1989) (unpublished per curiam opinion).  Further, § 1292(b) "should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).  Thus, the Court has little leeway in which to excuse the failure to fulfill each of the three elements.  An absence of just one of the three elements is fatal to the Motion for Leave to Appeal.

**1. The March 30 Order Does Not Present A Controlling Question Of Law**

What courts deem a question of law and a question of fact are distinct matters to which different standards of review are applied, the latter of which is generally not within the purview of an appellate court.  *See Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (stating that where a question of law is "heavily freighted with the necessity for factual assessment . . . [s]uch 'questions of law' have usually been thought not the kind of 'controlling' question proper for interlocutory review under § 1292(b)") (citing 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3930, at 160-61 (1977) ("There is indeed no reason to suppose that interlocutory appeals are to be certified for the purpose of inflicting upon courts of appeals an unaccustomed and illsuited role as factfinders.  Even when the question is the supposed question of law [as to] whether there are any genuine issues of material fact that preclude grant of summary judgment, it seems better to keep courts of appeals aloof from interlocutory embroilment in such factual details.").

If the Court were to certify the March 30 Order for appeal, then the district court would be thrust improperly into a role as a factfinder—a position inapposite to the district court's role in reviewing decisions of the bankruptcy court.  "If the bankruptcy court's factual findings are silent

or ambiguous as to an outcome determinative factual question, *the district court may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination*." *Finney v. Smith*, 141 B.R. 94, 97 (E.D. Va. 1992) (quoting *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987) (citing *United Va. Bank v. Slab Fork Coal Co.* (*In re Slab Fork Coal Co.*), 784 F.2d 1188, 1191 (4th Cir. 1986))) (emphasis added).

As stated above, the incomplete factual record before the Court underscores the March 30 Order. At this stage of the proceedings, absent the Debtor's testimony as to his decision to relocate to France and an analysis of the rights of third parties who have acted in reliance on the Recognition Order, the factual record is incomplete. To certify the March 30 Order for appeal would waste judicial resources. Upon a review of the incomplete record by the District Court, the Court can only presume that the District Court would remand the case back to the Court so that it may then conduct the necessary factual determination.

Material facts are missing from the record before the Court. The March 30 Order denied without prejudice the Motion to Revoke Recognition, in large part, because the Court will not speculate as to (1) when the Debtor decided to relocate to France; (2) whether or not the Debtor was candid in his representations to the Court; and (3) what, if any, impact this has on third parties who have relied on the Recognition Order. Therefore, the March 30 Order does not involve, nor is it premised on, a controlling question of law. Instead, the March 30 Order is premised on factual shortcomings that preclude the Court's ability to define narrowly any potential question of law that the district court may review. The first element § 1292(b) requires is missing.

**2. There Is Not A Substantial Ground For Difference Of Opinion On The Issue**

That the Debtor's Chapter 15 case presents novel issues for the Court is not conclusive

16

that a substantial ground for difference of opinion exists.

> To the extent [a litigant] raises an issue of first impression in this circuit, the issue still does not present "substantial" ground for disagreement. Some courts have certified issues of first impression, but only where the issue is "particularly difficult." Otherwise, the fact that the parties happen upon an issue never before decided by a controlling authority is insufficient to merit certification.

*Cooke-Bates v. Bayer Corp.*, No. 3:10-CV-261, 2010 WL 4789838, at *4 (E.D. Va. Nov. 16, 2010) (internal citations omitted) (citing 28 U.S.C. § 1292(b); *Santiago v. Pinello*, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009); *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 527 (E.D. N.C. 2010)). There is no doubt that the Debtor's Chapter 15 case and the Motion to Revoke Recognition raise an issue of first impression before the Court. At this time, there is no controlling Fourth Circuit authority on the issue of termination of recognition of a foreign main proceeding pursuant to 11 U.S.C. § 1517.[8] Therefore, that the Debtor is the first litigant to present this issue, alone, is insufficient to warrant a finding of substantial grounds for difference of opinion.

A "'substantial ground for a difference of opinion' must arise 'out of a genuine doubt as to whether the district court applied the correct legal standard in its order.'" *Wyeth*, 703 F. Supp. 2d at 527 (quoting *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 309 (S.D.N.Y. 2007)). Absent any controlling authority from the Fourth Circuit—much less contrary authority within the Fourth Circuit—the Court cannot conclude that it applied the incorrect legal standard in the March 30 Order. Put differently, it is difficult to conceive of a difference of

---

[8] Four of the six reported decisions within the Fourth Circuit, including U.S. District Courts and U.S. Bankruptcy Courts, that address § 1517 are decisions issued in either the Debtor's Chapter 15 Case, Chapter 7 Case, or associated Adversary Proceedings. The other two decisions arise out of the insolvency of Qimonda AG, a German company. *In re Qimonda AG Bankr. Litig.*, 433 B.R. 547 (E.D. Va. 2010); *In re Qimonda AG*, 425 B.R. 256 (Bankr. E.D. Va. 2010).

opinion where the March 30 Order and the earlier decisions in and related to this Debtor are the first to address this issue in this District and this Circuit.  The second element § 1292(b) requires is missing.

### 3. Immediate Appeal Would Not Advance Materially The Termination Of The Litigation

Certification of the Debtor's Motion for Leave to Appeal the March 30 Order would fail to advance the litigation.  The Court has repeated *ad nauseum* that the factual record before the Court is incomplete.  That issue pervades the third element of § 1292(b).  As stated above, were the Court to certify the March 30 Order, then the District Court would be presented with an incomplete and insufficient factual record.  The Court can only presume—albeit with near certainty—that the District Court would remand the matter to the bankruptcy court so that it may conduct further findings of fact.  Such a step is repugnant to the notion of materially advancing the termination of the litigation.  The Court will not pass this matter up to the District Court when the only conceivable result is that the District Court will remand the matter.  The third element § 1292(b) requires is missing.

All three elements that § 1292 requires are missing in this case, and, therefore, the Court will not certify the March 30 Order and the Motion for Leave to Appeal for interlocutory review by the United Stated District Court for the Eastern District of Virginia.  The courts of the Fourth Circuit have made clear that the elements of § 1292(b) are to be applied rigidly and that "permission for interlocutory appeals should be giving sparingly and with discrimination." *McDaniel v. Mehfoud*, 708 F. Supp. 754 (E.D. Va. 1989) (citing *Control Data Corp. v. Int'l Bus. Mach. Corp.*, 421 F.3d 323, 325 (8th Cir. 1970)); *see Myles*, 881 F.2d at 127.  The Court, in its discretion, declines to certify for interlocutory review the Motion for Leave to Appeal the March 30 Order.

## IV. CONCLUSION

In seeking to terminate recognition, the Debtor seeks extraordinary relief.  While the Court has the discretion to afford the Debtor the relief he seeks, the Court cannot afford that relief on an incomplete factual record.  In determining whether or not to terminate recognition the Court must—pursuant to § 1517(d)—balance the interests and rights of the Debtor and parties in interest.  The Court cannot (1) determine accurately "that the grounds for granting [recognition] were fully or partially lacking or have ceased to exist" without examining the Debtor in person about his relocation to France; and (2) "give due weight to possible prejudice to parties that have relied upon the order granting recognition" without, again, examining the Debtor in person.  11 U.S.C. § 1517(d).  The Court will not make a decision that implicates parties in interest on an incomplete factual record.

After the May 20, 2011 Hearing, on June 2, 2011, the Debtor filed a "Status Update Regarding Jonathan Loy's Motion of September 6, 2009 For Termination Of Recognition Of In Accordance With 11 U.S.C. §1517(d)" (the "Status Update").  (Doc. No. 173.)  In the Status Update, the Debtor reiterates that he will not appear in person before the Court.  "For the avoidance of doubt, Jonathan Loy will not be returning to this Court in person for any further hearings or enquiry relating to his motion properly submitted 21 months ago."  (Doc. No. 173, at 1.)  The Debtor declined a personal loan from a creditor, Joseph Pinard, the proceeds of which the Debtor could use to travel to the United States.  (Doc. No. 173, at 1 n.2.)

In the Status Update, the Debtor, again, argues that his relocation to France does not affect that his COMI was Hampton, Virginia.  "There is nothing else or new that Jonathan Loy can provide to the Court by way of evidence or testimony of material interest that he has not already provided concerning his motion for termination according to 11 U.S.C. § 1517(d)."

19

(Doc. No. 173, at 2.)  By choosing not to appear before the Court in person and stating that no testimony will alter the Court's December 14, 2010 oral ruling, the Debtor substitutes his judgment for that of the Court's as to a material factual issue.  The Court will not and cannot render a ruling on the Motion to Revoke Recognition at this juncture.

For the foregoing reasons, the Court will not certify the Motion for Leave to Appeal the March 30 Order for interlocutory review by the United States District Court for the Eastern District of Virginia.  Accordingly, Jonathan A. Loy's "Motion Objecting To Court's Orders And Opinion Of March 30, 2011 & Request For Leave to Appeal" is DENIED.

A separate Order will issue.

DATED:

FRANK J. SANTORO
United States Bankruptcy Judge

Upon entry of this Memorandum Opinion, the Clerk shall forward a copy to Jonathan A. Loy via e-mail at jonloy@email.com; and via first class mail, postage prepaid, to Jonathan A. Loy and Susan J. Loy, Moulin Begasse, 56320 Mesian, France; Douglas M. Foley, Esq., McGuireWoods LLP, World Trade Center, Suite 9000, 101 West Main St., Norfolk, VA 23510-1655; Kenneth N. Whitehurst, III, Esq., Office of the U.S. Trustee, 200 Granby St., Room 625, Norfolk, VA 23510; Tom C. Smith, Jr., Esq., Chapter 7 Trustee, P.O. Box 1506, Virginia Beach, VA 23451; Julian A. Bryant, Jr., Esq., Evans & Bryant, PLC, 101 Parks Avenue, Suite 301, Virginia Beach, VA 23451; Leo J. Perk, Esq., Law Offices of Leo J. Perk, P.C., 352 McLaws Circle, Suite 1, Williamsburg, VA 23185; Joseph L. R. Pinard, 107 Binnacle Lane, Newport News, VA 23602; Christopher L. Perkins, Esq., LeClair Ryan, Riverfront Plaza, East Tower, 951 East Byrd Street, P.O. Box 2499, Richmond, VA 23218-2499; and to Shaunte M. Hurley, Esq., Taylor & Walker, P.C., 555 E. Main Street, Suite 1300, Norfolk, VA 23510.